Robert **MOATES**, Plaintiff–Appellant,

v.

P. **RADEMACHER**, K. **McQueen**,* Defendants–Appellees.

No. 1335, Docket 95–2359.

United States Court of Appeals, Second Circuit.

Submitted March 18, 1996.

Decided June 3, 1996.

---

* Although the caption lists "K. McGreen" as a defendant-appellee, the record before us makes clear that defendant's name is "McQueen."

Robert Moates, pro se.

Dennis C. Vacco, Albany, NY, Attorney General of the State of New York (Peter H. Schiff, Deputy Solicitor General, Nancy A. Spiegel, Assistant Attorney General, Victor Paladino, Assistant Attorney General, of counsel), for Defendants–Appellees.

Before: FEINBERG, CARDAMONE and MAHONEY, Circuit Judges.

FEINBERG, Circuit Judge:

Robert Moates, an incarcerated pro se litigant, appeals from an order of the United States District Court for the Western District of New York entered sua sponte by then-Chief Judge Michael A. Telesca. The order required Moates to obtain approval of a judge of that court before filing "any further complaints, pleadings or documents" with the Clerk of the Court. The judge imposed the injunction because of Moates's allegedly consistent and flagrant abuse of the judicial process in the district court. Because the order was entered without notice to Moates and an opportunity to be heard, we reverse and remand to the district court.

### I.

In September 1989, Moates filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Correction Officers P. Rademacher and K. McQueen and against Walter Kelly, Superintendent of Attica Correctional Facility. Moates alleged that on August 18, 1989, Rademacher and McQueen had used excessive force against him in violation of the Eighth Amendment, the New York State Constitution and the New York State Civil Rights Law. Judge Richard J. Arcara of the Western District granted a motion to dismiss as to defendants McQueen and Kelly because they had not been served with process.

Moates and Rademacher then cross-moved for summary judgment. In support of his motion, Moates submitted a picture of himself after the alleged beating, dated August 18, 1989, and an "X–Ray Requisition and Report" (X–Ray Report). Rademacher argued that these documents were falsified and that Moates's complaint should be dismissed and sanctions imposed. Specifically, Rademacher alleged that Moates had altered the X–Ray Report in order to make an old injury appear new and had submitted the same photograph in a previous action to support a different claim of excessive force.

In February 1995, Judge Arcara determined that Moates had submitted false and altered evidence. The judge also stated that Moates "has shown a pattern of deception and altering evidence. [Moates] has filed at least twelve § 1983 actions against prison officials in this District." Judge Arcara noted that Moates had offered perjured testimony and altered documents in at least four of his previous actions alleging assaults by correction officers. In one of these cases, Judge Curtin of the Western District ordered that before Moates would be permitted to file any further cases in that district, he was required to file an affidavit stating that he had investigated the matter and that the representations made in the complaint were true and correct.[1]

On February 15, 1995, Judge Arcara dismissed Moates's action with prejudice and ordered the Clerk of the Court not to accept for filing "any complaint by or on behalf of Robert Moates unless such complaint is accompanied by an affidavit of Robert Moates stating that he investigated the matter and that the representations made in the complaint are true and correct." The judge also warned Moates that any similar misconduct in the future would result in "an order enjoining him from filing any further lawsuits in this District against the New York State Department of Corrections or any of its employees or prison officials."

---

1. Although defendants had asked Judge Arcara to dismiss Moates's present complaint on the ground that he had not filed an affidavit as required by Judge Curtin's order, Judge Arcara declined to dismiss on that basis, in part because Moates's complaint was filed before the entry of Judge Curtin's order.

Thereafter, apparently not in response to any further filing by Moates and without notice to him, Judge Telesca sua sponte entered the order, dated March 28, 1995, that occasioned this appeal. The order directed the Clerk of the Court "to not accept for filing any further complaints, pleadings or documents [from Robert Moates] unless he first obtains leave to file from a judge in this district."

Moates then appealed to this court, challenging Judge Arcara's dismissal order and Judge Telesca's injunction against filings. In November 1995, this court granted Moates in forma pauperis status for the limited purpose of appealing Judge Telesca's injunction and dismissed the remainder of the appeal as untimely.

## II.

 While a district court may impose, sua sponte, an injunction on a party who abuses the judicial process, such a party must be given notice and an opportunity to respond. *In re Martin–Trigona*, 737 F.2d 1254, 1260 (2d Cir.1984); *In re Hartford Textile Corp.*, 613 F.2d 388 (2d Cir.1979). Moates has clearly abused the judicial process, and we sympathize with Judge Telesca's attempt to prevent any misconduct by Moates in the future. However, Moates was not given notice or an opportunity to be heard before the injunction against further filings was imposed.

Appellee Rademacher argues that Judge Telesca adopted the findings of Judge Arcara, and Moates did have an opportunity to challenge these findings before Judge Arcara. But Judge Arcara's order, which is not now in question in this appeal, required Moates only to include an affidavit with any further filing directed at New York State Correction Officers. That order also put Moates on notice that any future "similar misconduct ... will result in ... an order enjoining" Moates from filing papers against such officers without leave of court. However, on the record before us, Judge Telesca's injunction was apparently entered before any such additional misconduct occurred. Moreover, the injunction apparently prevents Moates from filing any action against any

defendant on any matter without first obtaining leave of the court. Moates was never given an opportunity to challenge the appropriateness of this order. See *In re Hartford Textile Corp.*, 613 F.2d at 390. We therefore remand the case to the district court so that it may conduct a hearing, after notice to Moates, on whether and to what extent Moates should be enjoined from filing any future papers in the Western District.

Judgment reversed and case remanded for further proceedings consistent with this opinion.