**Robert MOATES, Petitioner–Appellant,**

v.

**Wayne BARKLEY, Superintendent at Riverview Correctional Facility, Respondent–Appellee.**

Docket 96–2686.

United States Court of Appeals, Second Circuit.

Argued May 27, 1998.

Decided June 23, 1998.

Robert Moates, Ogdensburg, New York, pro se.

Charles J. Hynes, District Attorney Kings County (Roseann B. MacKechnie, Victor Barall, and Ann Bordley, Assistant District Attorneys, of counsel), Brooklyn, New York, for Respondent–Appellee.

Before CALABRESI, Circuit Judge, and POLLACK * and DRONEY,** District Judges.***

PER CURIAM:

This case involves an order issued by the United States District Court for the Eastern District of New York (I. Leo Glasser, *Judge* )

---

* The Honorable Milton Pollack, District Judge of the United States District Court for the Southern District of New York, sitting by designation.

** The Honorable Christopher F. Droney, District Judge of the United States District Court for the District of Connecticut, sitting by designation.

*** Pursuant to 28 U.S.C. § 46(b) and an order of the chief judge of this court certifying a judicial emergency, this case was heard by an emergency panel consisting of one judge of this court and two judges of the United States District Court sitting by designation.

denying petitioner Robert Moates' request for habeas relief and permanently enjoining and restraining him from "filing, bringing, or otherwise instigating any action in the federal court seeking relief whether by petition for a writ of habeas corpus or otherwise, arising out of his convictions in 1975 of Burglary in the Second Degree, Unlawful [I]mprisonment in the First Degree and Murder in the Second Degree in the Supreme Court of the State of New York, Kings County, unless a Magistrate–Judge grants leave." *Moates v. Barkley,* 927 F.Supp. 597, 598 (E.D.N.Y. 1996). On appeal, Moates argues the merits of his habeas petition and does not address the filing ban, even though this court granted him leave to appeal solely for the limited purpose of challenging the injunction. Accordingly, although Moates' access to the courts was incorrectly limited without notice or hearing, we, nevertheless, dismiss the appeal and let stand the judgment below.

### 1.

■ Moates is a frequent visitor to the courts of our circuit. In March 1996, he filed the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In it, he challenges a 1975 New York state court conviction. Prior to the filing of this petition, however, Moates had filed some five other habeas petitions with respect to the same conviction. *See Moates v. Walker,* 929 F.Supp. 82, 83–85 (E.D.N.Y.1996) (detailing the substance of the prior petitions). Moates had also filed numerous actions under 42 U.S.C. § 1983, in which he alleged that prison officials had violated his civil rights. *See Moates v. Rademacher,* 86 F.3d 13, 14 (2d Cir.1996) (noting that Moates had filed at least twelve such actions).

The petition now before us asserts a single ground for relief: that Moates' prosecution and conviction were barred by the Double Jeopardy Clause because Moates had previously been acquitted of the same charges. Moates had raised precisely this same claim in his fifth habeas petition, however, and Judge Glasser, in due course, had dismissed that petition as an abuse of the writ. *See Moates v. Walker,* 929 F.Supp. at 85–86. Not surprisingly, Judge Glasser dismissed

this (sixth) petition as an abuse of the writ as well. Understandably annoyed, the distinguished judge also entered an order, *sua sponte,* enjoining Moates from submitting further such filings without a magistrate judge's approval. *See Moates v. Barkley,* 927 F.Supp. at 598.

Moates then filed a habeas petition directly in this court, which we construed as a notice of appeal and transferred to the district court. Judge Glasser refused to grant Moates a certificate of probable cause. By order of this court dated January 7, 1997, we denied Moates leave to appeal the dismissal of his petition, but we did give him permission to appeal "for the limited purpose of challenging the district court's injunction limiting appellant's ability to file future actions."

In his current appellate brief, Moates—improperly—raises several challenges to his conviction and does not mention the sanctions imposed on him. Because "we find no compelling reason to broaden the scope of review beyond the one issue specified when the prior panel issued a certificate of probable cause," we defer to that panel's limitations on the appeal, and dismiss Moates' claims for habeas relief. *See Vicaretti v. Henderson,* 645 F.2d 100, 102 (2d Cir.1980). We are left, therefore, with the matter of the injunction on future filings—the sole question that Moates was given leave to appeal.

### 2.

■ The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard. *See Moates v. Rademacher,* 86 F.3d at 15; *Board of Managers of 2900 Ocean Ave. Condominium v. Bronkovic,* 83 F.3d 44, 45 (2d Cir.1996) (*per curiam*); *In re Martin–Trigona,* 737 F.2d 1254, 1260 (2d Cir.1984); *In re Hartford Textile Corp.,* 613 F.2d 388, 390–91 (2d Cir. 1979) (*per curiam*). Indeed, we strictly enforced this rule when a district court in our circuit had earlier imposed a filing ban on this very litigant without providing him with notice or a hearing. *See Moates v. Rademacher,* 86 F.3d at 15.

Judge Glasser, in his order imposing the injunction on future challenges by Moates to his 1975 conviction, recognized the existence of this rule, but nonetheless chose not to comply with it because "[t]he observance of a requirement, in this case, that Moates be given notice and an opportunity to be heard would only compound the abuse of the judicial process and further needlessly tax the resources of the court." *Moates v. Barkley,* 927 F.Supp. at 598. But since such sanctions are, by hypothesis, imposed on litigants whom the court believes have a penchant for filing frivolous or vexatious claims, the rule requiring a hearing must be designed for precisely those cases. If we were to hold that the danger that a litigant will misuse his or her opportunity to be heard excuses the district court's failure to respect the litigant's right to such a hearing, the exception would swallow the rule.

As we stated in our decision reversing the earlier ban on filings by Moates, "Moates has clearly abused the judicial process, and we sympathize with [the district court's] attempt to prevent any misconduct by Moates in the future. However, Moates was not given notice or an opportunity to be heard before the injunction against further filings was imposed." *Moates v. Rademacher,* 86 F.3d at 15. We therefore held that the imposition of the injunction could not stand.

The case now before us is similar. We share Judge Glasser's obvious frustration at the duplicative and frivolous filings by Moates, and we think it is extremely likely that, had the correct procedures been followed, sanctions of the sort imposed would have been entirely proper under the standards enunciated by this court in *Safir v. United States Lines, Inc.,* 792 F.2d 19, 24 (2d Cir.1986). But, under governing precedents, this fact does not absolve the district court of its responsibility to afford Moates the procedural safeguards due him.

Nevertheless, also for procedural reasons, the filing ban imposed on Moates can stand. Federal Rule of Appellate Procedure 28(a) requires appellants in their briefs to provide the court with a clear statement of the issues on appeal. *See* Fed. R.App. P. 28(a)(3), (5), (6). Although *pro se* litigants are afforded some latitude in meeting the rules governing litigation, *see, e.g., Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (*per curiam*); *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 96 (2d Cir. 1993), pursuant to Rule 28(a) we need not, and normally will not, decide issues that a party fails to raise in his or her appellate brief. *See, e.g., United States v. Restrepo,* 986 F.2d 1462, 1463 (2d Cir.1993) (*per curiam*). Since Moates did not make any mention of the filing ban in his brief, we treat the issue as waived.

3.

The only issue certified having been waived, the appeal is dismissed as outside the scope of the certificate of probable cause.