Walter J. JOHNSON, Plaintiff–Appellant,

v.

State of NEW YORK, Monroe County Child Support Enforcement Unit and New York State Department of Taxation and Finance, Defendants–Appellees.

No. 01–7073.

United States Court of Appeals, Second Circuit.

Oct. 10, 2001.

Walter J. Johnson, on submission, pro se.

Present FEINBERG, CARDAMONE, and POOLER, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of said District Court be and it hereby is AFFIRMED in part and VACATED and REMANDED in part.

Walter J. Johnson appeals from a judgment of the United States District Court for the Western District of New York *sua sponte* dismissing his claims brought against the State of New York, Monroe County Child Support Enforcement Unit (the "Unit") and New York State Department of Taxation and Finance. The district court also imposed sanctions forbidding Johnson from bringing any new legal actions in district court without the court's permission. For the reasons given below, we affirm the district court's dismissal of Johnson's claims pursuant to 42 U.S.C. § 1983, but vacate the judgment regarding sanctions and remand for further findings.

Johnson sought compensation from defendants for the alleged retaliation and discrimination he suffered while litigating a variety of claims stemming from his divorce and child custody proceedings in state court. He argued the judges and attorneys below were racially biased against him; that he has been consistently denied the right to see his child; that he was denied an adjustment in his support payments despite his unemployed status. Finally, Johnson argues he should have received damages after defendants filed warrants and liens against him in violation of the automatic stay following his filing for bankruptcy protection.

The district court dismissed Johnson's complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *Johnson v. New York,* No. 00–CV–6587, slip op. at 2–3 (W.D.N.Y. Dec. 22, 2000). The district court found the claims against New York State and the New York State Department of Taxation and Finance were barred by the Eleventh Amendment. *Id.* at 3. It dismissed the complaint against the Unit for failure to state a claim under 42 U.S.C. § 1983. *Id.* at 3–4. The district court went on to find Johnson a vexatious litigant under Fed. R.Civ.P. 11, and barred Johnson from filing any actions in district court without first obtaining the court's approval. *Id.* at 7.

On appeal, Johnson argues the district court was prejudiced by the allegations of

the Unit's attorney; that the district court erred in giving Johnson but five minutes for oral argument; and that the district court acted in a retaliatory fashion when it dismissed his suit. Appellees declined to submit briefs on appeal.

We review *de novo* dismissal of a lawsuit under 28 U.S.C. § 1915(e). *Giano v. Goord*, 250 F.3d 146, 149–50 (2d Cir. 2001). The district court correctly found the Eleventh Amendment bars suit against states and state agencies, including suits brought pursuant to 42 U.S.C. § 1983. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–02, 120, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Jones v. N.Y.S. Div. of Military & Naval Affairs*, 166 F.3d 45, 49 (2d Cir.1999). Thus, the district court correctly dismissed Johnson's claims against those defendants.

The Unit, however, is not immunized under the Eleventh Amendment. *Mancuso v. N.Y.S. Thruway Auth.*, 86 F.3d 289, 292, 296 (2d Cir.1996) (holding local government entities, including counties, are not protected from suit by the Eleventh Amendment). To sustain an action under 42 U.S.C. § 1983, plaintiff must show he was deprived of a constitutional right by a municipal custom or policy. *Wimmer v. Suffolk County Police Dep't*, 176 F.3d 125, 137 (2d Cir.1999). Construing Johnson's complaint liberally, his claims against the Unit allege a Unit attorney improperly coerced a judge into participating in a vendetta against Johnson, thereby stopping the imposition of damages for violation of the automatic stay. Even assuming Johnson's allegations are true, nothing in Johnson's complaint alleges such acts were done in accordance with municipal policy or custom. Thus, the district court properly dismissed those claims.

We do find the district court erred in its imposition of a filing injunction. While the district court may impose such an injunction, it must first provide the affected litigant with notice and an opportunity to be heard. *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir.1998). Nothing in the record indicates Johnson received either notice or an opportunity to be heard on the issue of sanctions. We also note that the sanctions imposed are broad, applying to all future lawsuits, rather than applying only to litigation stemming from Johnson's divorce, child support and subsequent § 1983 actions. We thus remand to the district court for further findings on the issue of sanctions.

We have examined the remainder of Johnson's claims and we find them to be without merit.