**Anthony VIOLA, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 05–6772–cv.

United States Court of Appeals, Second Circuit.

Nov. 2, 2006.

Anthony Viola, pro se, White Deer, PA, for Plaintiff–Appellant.

Richard K. Hayes, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, on the brief), Brooklyn, NY, for Defendant–Appellee.

PRESENT: Hon. WALKER, Hon. CHESTER J. STRAUB, Circuit Judges, Hon. TIMOTHY C. STANCEU,* Judge.

### SUMMARY ORDER

Anthony Viola appeals *pro se* from an order of the District Court for the Southern District of New York (Sterling Johnson, Jr., *Judge*), denying his motion made pursuant to Federal Rule of Criminal Procedure 41(e)[1] for the return of seized property. Viola also appeals the District Court's order denying his post-judgment motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the facts, procedural history, and specification of appellate issues and hold as follows.

The District Court correctly held that a motion pursuant to Federal Rule of Criminal Procedure 41(e) made after the conclusion of the movant's criminal proceedings is treated as a new civil action for equitable relief. *See Rufu v. United States,* 20 F.3d 63, 65 (2d Cir.1994); *Mora v. United States,* 955 F.2d 156, 158 (2d Cir.1992). This Court reviews a district court's fashioning of equitable relief for abuse of discretion. *See Onwubiko v. United States,* 969 F.2d 1392, 1397 (2d Cir.1992), *overruled on other grounds by Polanco v. U.S. Drug Enforcement Admin.,* 158 F.3d 647, 651 (2d Cir.1998). *See generally Abrahamson v. Bd. of Educ. of Wappingers Falls Cent. Sch. Dist.,* 374 F.3d 66, 76 (2d Cir.2004). The denial of a motion for re-

---

* The Honorable Timothy C. Stanceu, United States Court of International Trade, sitting by designation.

1. On December 1, 2002, Rule 41(e) was redesignated Rule 41(g) without substantive change. *Adeleke v. United States,* 355 F.3d 144, 147 n. 1 (2d Cir.2004).

consideration under Federal Rule of Civil Procedure 60(b) is also subject to review for an abuse of discretion. *Devlin v. Transp. Commc'ns Int'l Union,* 175 F.3d 121, 132 (2d Cir.1999).

Having considered each of Appellant's arguments, we find them unavailing, and we affirm for substantially the reasons given in the District Court's decision and subsequent order denying post-judgment relief. Accordingly, the judgment of the District Court is AFFIRMED.

Appellant's motion that we "take judicial notice" of certain documents is DENIED, as he did not present these documents to the District Court in support of his claims despite having been given an opportunity to do so at his hearing. We decline to consider these documents for the first time on appeal. *Cf. Leibowitz v. Cornell Univ.,* 445 F.3d 586, 592 n. 4 (2d Cir.2006).