Anthony VIOLA, Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 07–2245–cv.

United States Court of Appeals,
Second Circuit.

Jan. 21, 2009.

Anthony Viola, White Deer, PA, pro se.

Peter Norling, David C. James, Assistant United States Attorneys, for Benton J. Campbell, United States Attorney, Eastern District of New York, New York, NY, for Defendant–Appellee.

PRESENT: Hon. ROBERT A. KATZMANN, Hon. REENA RAGGI, Circuit Judges, Hon. JOHN F. KEENAN,* District Judge.

### *SUMMARY ORDER*

Anthony Viola appeals from an order of the district court, denying his "Letter/Motion" and directing the clerk of court not to accept further filings without the court's permission. We assume the parties' familiarity with the facts and procedural history of the case.

First, notwithstanding the numerous issues briefed by Viola, the Government is correct that the only issue before this Court is the district court's filing injunction. The other issues briefed by Viola were on appeal in separate cases, all of which have been dismissed; the mandamus case to which he refers has also been dismissed. *See* 2d Cir. Dkt. Nos. 07–2493–cv, 07–2714–op, and 07–2287–pr.

Second, defendant-appellee concedes that the district court erred in failing to provide Viola with notice and an opportunity to be heard prior to issuing its filing injunction, and agrees that the district court's order should be vacated and remanded. The procedure for imposing leave-to-file sanctions involves three stages: (1) the court notifies the litigant that future frivolous filings might result in sanctions; (2) if the litigant continues this behavior, the court orders the litigant to show cause as to why a leave-to-file sanction order should not issue; and (3) if the litigant's response does not show why sanctions are not appropriate, the court issues a sanctions order. *See, e.g., Iwachiw v. N.Y. State Dep't of Motor Vehicles,* 396 F.3d 525, 529 (2d Cir.2005) (setting forth the "unequivocal rule in this circuit ... that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard"); *Moates v. Barkley,* 147 F.3d 207, 208 (2d Cir.1998) (same); *Moates v. Rademacher,* 86 F.3d 13, 15 (2d Cir.1996) (same); *Bd. of Managers for 2900 Ocean Ave. Condo. v. Bronkovic,* 83 F.3d 44, 45 (2d Cir.1996) *(per curiam)* (same). In this case, as the defendant-appellee concedes, the district court did not comply with the above procedures.

* The Honorable John F. Keenan, District Judge for the Southern District of New York, sitting by designation.

We therefore vacate the district court's order and remand for the district court to provide Viola with notice and an opportunity to be heard.