Anthony VIOLA, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 96 CV 0706(SJ).

United States District Court,
E.D. New York.

March 10, 2011.

Anthony Viola, White Deer, PA, pro se.

Loretta E. Lynch, Esq., United States Attorney, by: Richard K. Hayes, Esq., Brooklyn, NY, for Respondent.

## ORDER IMPOSING SANCTIONS

JOHNSON, Senior District Judge:

On August 17, 2009, this Court ordered petitioner Anthony Viola ("Petitioner" or "Viola") to show cause as to why leave-to-file sanctions should not be imposed for his continued frivolous filings. Viola timely filed a purported response. For the following reasons, sanctions shall be imposed.

## BACKGROUND

The facts and circumstances surrounding this action, as well as the underlying criminal action, are more fully set forth in the Court's September 29, 2004; March 7, 2006; and August 17, 2009 orders, and familiarity therewith is assumed. Briefly, Viola was convicted of 26 racketeering, firearms and narcotics offenses on December 4, 1992, and sentenced to, *inter alia,* ten life sentences. (*See United States v. Viola,* No. 91 CR 800 (E.D.N.Y.) (SJ) (Judgment entered April 8, 1993).) Since then, he has filed a series of appeals, motions, writs of mandamus, letters to the Clerk of the Court and to this Court seeking various types of relief and amounting to a veritable blitzkrieg of applications. (*See, e.g., United States v. Viola,* No. 91 CR 800 (E.D.N.Y.) (SJ) (containing at least 10 post-trial motions or letters); *Vio-*

*la v. United States,* No. 97 CV 2113 (E.D.N.Y.) (SJ) (petition for writ of habeas corpus, five writs of mandamus and at least a dozen frivolous letter requests).)

In this action, Petitioner sought the return of certain property seized by the government. After holding hearings, the Court ordered the government to return to Petitioner approximately $6,998, as well as his rugs and furniture. (Order of September 29, 2004 ("September 29 Order") at 3 (Docket No. 67).) However, the Court determined that Petitioner (1) failed to demonstrate the existence or value of a ring he sought to recover; (2) admitted that the seized bonds had no monetary value; and (3) had access (through counsel as well as his son) to seized documents that were stored, at the time of the filing of this action and up until their unanticipated destruction (on September 11, 2001), in buildings he and his family owned. (*Id.* at 4–9.) Accordingly, Petitioner's motion was denied as to the jewelry, bonds and documents requested.

True to form, Petitioner thereafter filed appeals, motions for reconsideration, a motion for a certificate of appealability, and writs of mandamus, all of which were denied. (*See* Order of November 20, 2005 (Docket No. 79).) On March 12, 2007, Petitioner wrote to the Court seeking "justice in a swifter manner" (Docket No. 83), at which point the Court, on April 10, 2007, directed the Clerk of the Court to disregard any new filings in this action for which Petitioner was not granted leave to submit (the "April 10 Order"). The Second Circuit vacated the April 10 Order for the Court's failure to provide Petitioner with notice and an opportunity to be heard prior to imposing leave-to-file sanctions. *Viola v. United States,* 307 Fed.Appx. 539 (2d Cir.2009). Specifically, the Second Circuit stated that

leave-to-file sanctions involves three stages: (1) the court notifies the litigant that future frivolous filings might result in sanctions; (2) if the litigant continues this behavior, the court orders the litigant to show cause as to why a leave-to-file sanction order should not issue; and (3) if the litigant's response does not show why sanctions are not appropriate, the court issues a sanctions order.

*Id.* at 539.

Accordingly, a conference was held on May 28, 2009. During the conference, Petitioner acknowledged that his motion for the return of seized property was decided by this Court (*see* September 29 Order); that he submitted a request to this Court immediately thereafter (which request was treated as a motion for reconsideration); that the motion was denied (*see* Order of March 31, 2005 ("March 31 Order"), Docket No, 73); and that the denial was appealed to and affirmed by the Second Circuit in *Viola v. United States,* 203 Fed.Appx. 366 (2d Cir.2006), *cert. denied,* 551 U.S. 1127, 127 S.Ct. 2965, 168 L.Ed.2d 285 (2007). (*See* Transcript of May 28, 2009 Conference ("May 28 Tr.") at 5–6.) Viola's mechanisms for relief having been exhausted, the Court explained the mandate of the Second Circuit and admonished him that future frivolous filings might result in sanctions. (May 28 Tr. at 7–8.)

Notwithstanding the Court's admonition, in a submission dated May 29, 2009, Petitioner requested clarification of the Court's statement that future frivolous filings may result in leave-to-file sanctions and claimed that he was denied the right to be heard on the motion requesting "justice in a swifter manner." Like many of Viola's other submissions, the "request for clarification" raises issues that have been decided by this Court in previous Orders.

Accordingly, on August 17, 2009, the Court issued an Order to Show Cause directing Petitioner to show cause why leave-to-file sanctions should not be imposed. On November 10, 2009, Viola submitted a purported "Motion in Response to the Order to Show Cause." (*See* Docket No. 96.) A show cause hearing was held on April 22, 2010 to allow Viola to explain his requests and arguments. Viola admitted that he was not challenging the return of his property, the basis for the instant action. (*See* Transcript of April 22, 2010 Show Cause Hearing ("April 22 Tr.") at 4.) Instead he asked the Court to act upon his previously filed motion for reconsideration of the September 29 Order and to consider his arguments regarding the manner in which his property was returned. (*See* April 22 Tr. at 4–8.) Viola also raised challenges to his criminal conviction that this Court has previously addressed. (*See* April 22 Tr. at 9–10.)

## DISCUSSION

 "Frequent frivolous filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice." *Persaud v. United States,* No. 04 CV 2861(CBA), 2010 WL 3000725, at \*3 (E.D.N.Y. July 27, 2010). Accordingly, "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Iwachiw v. New York State Dep't of Motor Vehicles,* 396 F.3d 525, 528 (2d Cir.2005) (internal citations omitted). As previously noted, the Court must provide notice and an opportunity to be heard before imposing sanctions. *See Viola v. United States,* 307 Fed.Appx. 539, 539 (2d Cir.2009). The Second Circuit has set forth the following factors to determine whether a litigant's access to the courts should be restricted:

(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits;
(2) the litigant's motive in pursuing the

litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw*, 396 F.3d at 528 (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir.1986)).

In this case, the Court has provided Viola with ample notice and several opportunities to justify his frivolous filings, to no avail. At the May 28, 2009 conference, the Court engaged in the following colloquy:

> THE COURT: The Court of Appeals issued a mandate to me and I stated—
>
> MR. VIOLA: What was the—it was a mandate?
>
> THE COURT: Let me finish.
>
> MR. VIOLA: Yes, go ahead.
>
> THE COURT: They issued a mandate and I had dismissed a motion that you had made saying that it was frivolous and that you had to get permission to file any additional motions and the Court of Appeals said that if I am going to do that, I have to give you notice that any further frivolous findings might result in sanctions.
>
> MR. VIOLA: Okay.
>
> THE COURT: I am giving you that notice.
>
> MR. VIOLA: I see.
>
> THE COURT: Any future frivolous filing might result—
>
> MR. VIOLA: Your Honor—
>
> THE COURT: Listen to me. Might result in sanctions. Do you hear me?
>
> MR. VIOLA: Yes, your Honor, I understand what you are saying.

(May 28 Tr. at 7.) Notwithstanding the warning, Viola filed another baseless motion, this time requesting clarification of the Court's statements during the May 28 conference and claiming that he was denied the right to be heard on his motion requesting "justice in a swifter manner." The language used by the Court during the May 28 conference was unambiguous, especially given the AUSA's explanation that all relevant property had already been returned to Viola, and all means of appeal exhausted. (*See* May 28 Tr. at 5–6.) Moreover, the Mandate did not require this Court to hold a hearing on Viola's motion requesting "justice in a swifter manner;" a hearing would have been fruitless anyway because the motion is patently frivolous. (*See Viola v. United States*, No. 97 CV 2113 (E.D.N.Y.) (SJ), Docket No. 76 (Order dated April 19, 2007 denying motions Petitioner claims the Court has not addressed).) In addition, the Court ordered Viola to show cause as to why sanctions should not issue. When Petitioner's written submission failed do so, the Court held a show cause hearing to permit Viola to explain himself. Instead, Viola argued that he has "shown cause" because his "motion" response to the Order to Show Cause asks the Court to act upon a motion for reconsideration which has already been denied (*see* March 31 Order), and to consider arguments that have already been addressed by this Court and rejected by the Second Circuit in *Viola v. Hayes*, No. 06–3863 (E.D.N.Y.) (SJ)(LB), Docket Nos. 16, 20 & 26. (*See* Apr. 22 Tr. at 4–10.)

■ Now that Viola has been given ample notice and opportunity to be heard yet has continued his incorrigible behavior, the Court will consider the factors articulated by the Second Circuit. *Viola v. United States*, 307 Fed.Appx. at 539; *Iwachiw*, 396 F.3d at 528. Weighing these factors, the Court finds that sanctions are appropriate in this case. Viola, proceeding *pro*

*se*, has continued to file letters to this Court requesting rulings on motions that have previously been decided. He appears to have no objective good faith expectation of prevailing, for his arguments have been rejected by this Court and rejected on appeal by the Second Circuit. Yet the burden on the Court and its personnel is heavy. Each new filing requires the Clerk's Office to process and docket the materials and scan them into the Electronic Case Filing system. The Court must then devote considerable attention to reviewing the new materials, considering them in the context of Petitioner's entire procedural history, and issuing additional orders. Based on Petitioner's previous submissions, it seems that no other sanction is likely to dissuade Petitioner's future filings.

■ " 'The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel.' " *Persaud*, 2010 WL 3000725, at \*3 (quoting *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000)). The time has come for the Court to fulfill its obligation. Viola's frequent frivolous filings and continued disregard of limited court resources will not be tolerated.

### CONCLUSION

For all the foregoing reasons, it is ORDERED that:

(1) Viola shall be fined in the amount of $1,000.00, payable at the rate of $25 per month from his Bureau of Prisons commissary account and sent to the Clerk of this Court;

(2) the Clerk of Court shall close this case; and;

(3) the Clerk of Court shall not accept any new filings from Viola unless Viola first receives permission from this Court.

**SO ORDERED.**