Viola v. United States of America

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of September, two thousand twelve.

Present:
        CHESTER J. STRAUB,
        ROBERT D. SACK,
        ROBERT A. KATZMANN,
            *Circuit Judges*.

_____

ANTHONY VIOLA,

       *Plaintiff-Appellant*,

       v.                                11-2144

UNITED STATES OF AMERICA,

       *Defendant-Appellee*.

_____

FOR APPELLANT:       ANTHONY VIOLA, *Pro Se*, White Deer, PA.

FOR APPELLEES:       LORETTA E. LYNCH, United States Attorney for the Eastern District of New York, Brooklyn, NY (Richard K. Hayes, Varuni Nelson, Assistant United States Attorneys, *of counsel*).

Appeal from the United States District Court for the Eastern District of New York

(Johnson, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the March 10, 2011 order of the District Court be and hereby is **AFFIRMED**, in part, and **VACATED**, in part, and the case is **REMANDED** to the district court for further proceedings in accordance with this order.

Appellant, Anthony Viola, proceeding *pro se*, appeals from an order of the district court imposing leave-to-file and monetary sanctions against him. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court "reviews all aspects of a District Court's decision to impose sanctions for abuse of discretion." *United States v. Seltzer*, 227 F.3d 36, 39 (2d Cir. 2000) (internal quotation marks omitted); *see also Robert v. Dep't of Justice*, 439 F. App'x 32, 34 (2d Cir. 2011) (Summary Order) ("We review for abuse of discretion a district court's decision to impose a filing injunction, or 'leave-to-file' sanctions . . . ."). "[D]ue process requires that courts provide notice and [an] opportunity to be heard before imposing *any* kind of sanctions." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) (citation omitted). Specifically, "[a]t a minimum, the notice requirement mandates that the subject of a sanctions motion be informed of," *inter alia*, "the source of authority for the sanctions being considered." *Id.* This requirement is fulfilled by the identification of the relevant Federal Rule of Civil Procedure or statute that warrants imposition of a sanction. *Id.* (finding that a motion for sanctions that focused "chiefly on Rule 11," but that also "invoked and set forth the standards for sanctions under the District Court's inherent power and 28 U.S.C. § 1927 as well," provided notice even though "the ultimate bases for the sanctions were the District Court's inherent power and 28 U.S.C. § 1927").

Following an independent review of the record, we find that the district court did not abuse its discretion in imposing a leave-to-file sanction. As this Court has noted previously in

this case, the "procedure for imposing leave-to-file sanctions involves three stages: (1) the court notifies the litigant that future frivolous filings might result in sanctions; (2) if the litigant continues this behavior, the court orders the litigant to show cause as to why a leave-to-file sanction order should not issue; and (3) if the litigant's response does not show why sanctions are not appropriate, the court issues a sanctions order." *See Viola v. United States*, 307 F. App'x 539, 539 (2d Cir. 2009) (Summary Order). The record reveals that, after this Court's January 2009 order remanding to the district court, the district court: (1) held a hearing in May 2009, at which Viola was notified that future frivolous filings could result in sanctions; (2) entered an order in August 2009, instructing Viola to show cause why leave-to-file sanctions should not be imposed; (3) received Viola's response to the order to show cause; (4) held a conference in April 2010 to discuss Viola's response to the order to show cause; and (5) entered an order, in March 2011, imposing leave-to-file and monetary sanctions. Consequently, the record establishes that the district court properly followed the procedure for imposing leave-to-file sanctions. Further, in light of Viola's frequent filings in the district court, many of which sought to upset the district court's 2004 judgment, it cannot be said that the district court abused its discretion in imposing a leave-to-file sanction. *See In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."); *see also Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996) (stating that a district court may "impose sanctions against litigants who abuse the judicial process").

With respect to the imposition of a monetary sanction, however, a review of the record reveals that Viola was not provided with notice or an opportunity to be heard until after this sanction was imposed. Specifically, a review of the record reveals that, in its August 2009 order, the district court directed Viola to "show cause . . . why leave-to-file sanctions should not be

imposed," and did not mention the possibility of a monetary sanction. Such an order provided no notice that the district court contemplated imposing monetary sanctions against Viola. Moreover, because Viola had no reason to address the possibility of monetary sanctions, his response to the August 2009 order cannot qualify as an opportunity to be heard on that possibility. Finally, because the district court's March 2011 order did not cite to any statute or rule providing for the imposition of monetary sanctions, this Court cannot determine whether the district court "invoked and set forth" the source of its authority in its earlier communications with Viola. *See Schlaifer Nance & Co.*, 194 F.3d at 334. Consequently, to the extent the district court's March 2011 order imposed a monetary sanction, that portion of its order is vacated. *Id.*

We have considered Viola's remaining arguments and find them to be without merit. The judgment of the district court is therefore **AFFIRMED** in part and **VACATED** in part and the case is **REMANDED** for further proceedings in accordance with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK