*Ferguson v. Commissioner of Tax and Fin.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand eighteen.

Present:
> PIERRE N. LEVAL,
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

---

JEREMIAH M. FERGUSON,

> *Plaintiff-Appellant*,

> v.                                            17-2163-cv

COMMISSIONER OF TAX AND FINANCE,

> *Defendant-Appellee*.

---

For Plaintiff-Appellant:          Jeremiah M. Ferguson, *pro se*, Penn Yan, NY.

For Defendant-Appellee:           Victor Paladino, Jonathan D. Hitsous, Assistant Solicitors General, *for* Barbara D. Underwood, Acting New York State Attorney General, Albany, NY.

Appeal from a May 15, 2017 judgment of the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Jeremiah Ferguson, proceeding *pro se*, appeals from a May 15, 2017 judgment of the United States District Court for the Western District of New York (Siragusa, *J.*). Ferguson sued the New York State Commissioner of Tax and Finance under 42 U.S.C. § 1983, arguing that a tax credit under N.Y. Tax Law § 1101(b)(3) violates the Equal Protection Clause by exempting credit obtained from trading in goods from sales tax. Ferguson argued that § 1101(b)(3) is discriminatory because consumers who trade in property pay less sales tax on a corresponding purchase than individuals who sell items on the "the public market" and use the proceeds to purchase separate items. He asserted that he was harmed because he sold his bed for $100 but did not receive a tax credit for a subsequent purchase of a $250 freezer. Ferguson sought to enjoin enforcement of § 1101(b)(3). The district court granted the Commissioner's motions to dismiss and for sanctions, reasoning that it lacked jurisdiction to enjoin the Commissioner under the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, and that Ferguson had failed to state a claim for relief. The court also imposed Rule 11 monetary sanctions on Ferguson and enjoined Ferguson "from filing any new sales tax credit case or proceeding in any federal district court" without seeking its leave to file because Ferguson's complaint reiterated a claim that he had unsuccessfully litigated several times before. *Ferguson v. Commisioner of Tax & Fin.*, No. 16-CV-6447-CJS, 2017 WL 2105629, at *6 (W.D.N.Y. May 12, 2017). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

1. **Standard of Review**

We review *de novo* the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), accepting all factual allegations as true and drawing all

2

reasonable inferences in the plaintiff's favor. *See Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015) (Rule 12(b)(6)); *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012) (Rule 12(b)(1)). We review a district court's imposition of Rule 11 sanctions and a leave-to-file injunction for abuse of discretion. *See Ipcon Collections, LLC., v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012); *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009). "An 'abuse of discretion' occurs when a district court 'base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions.'" *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012) (quoting *Kiobel v. Millson*, 592 F.3d 78, 81 (2d Cir. 2010)) (alterations in original).

## 2. Jurisdiction

The district court incorrectly held that the TIA barred it from considering Ferguson's complaint. The TIA provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The TIA "prohibit[s] only those challenges to state tax schemes that would inhibit state collection of taxes, as opposed to those that would increases taxes a state could collect." *Joseph v. Hyman*, 659 F.3d 215, 218 (2d Cir. 2011). Because Ferguson sought to enjoin enforcement of a sales tax exemption, his requested injunctive relief would increase tax revenue, and the TIA thus does not bar his action.

## 3. Merits

We nonetheless hold that the district court did not err in dismissing Ferguson's equal protection claim on the merits. The Equal Protection Clause protects people from being subjected to taxes not imposed on "similarly situated" people, and "very few taxpayers are regarded as

3

similarly situated and thus entitled to equal treatment." *Ala. Dep't of Revenue v. CSX Transp., Inc.*, 135 S. Ct. 1136, 1142 (2015). Ferguson contends that N.Y. Tax Law § 1101(b)(3) treats consumers who trade in property differently from consumers who sell their property. But those two groups of consumers, by definition, are different and thus not "similarly situated." *See Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992) (holding that the Equal Protection Clause generally only prohibits "governmental decisionmakers from treating differently persons who are in all relevant respects alike"); *see also Ala. Dep't of Revenue*, 135 S. Ct. at 1142 (listing examples of arbitrary, narrow distinctions that have survived equal protection challenges). The district court therefore did not err in holding that Ferguson's complaint failed to state an equal protection claim.

### 4. Sanctions

Finally, we conclude that the district court's imposition of sanctions and a leave-to-file injunction was not an abuse of discretion. "A pleading, motion or other paper violates Rule 11 either when it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002) (internal quotation marks omitted). Although courts may afford them greater leniency, *pro se* litigants are not immune from Rule 11 sanctions. *See Maduakolam v. Columbia Univ.*, 866 F.2d 53, 56 (2d Cir. 1989). When considering whether to impose monetary sanctions based on meritless pleadings, "'[t]he operative question is whether the argument is frivolous, i.e., the legal position has 'no chance of success,' and there is 'no reasonable argument to extend, modify or reverse the law as it stands.'" *Star Mark Mgmt., Inc.*, 682 F.3d at 177 (quoting *Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011)). Not only was Ferguson's claim meritless, but Ferguson has also raised the

same legal challenge against the same N.Y. Tax Law trade-in exemption several times before. For these reasons, the district court did not err in concluding that no competent attorney, or even *pro se* litigant, could have reasonably believed that Ferguson's claim was "warranted by existing law or a good faith argument." *Kropelnicki*, 290 F.3d at 131.

The court's imposition of the leave-to-file injunction was not an abuse of discretion either. Before imposing such an injunction, a district court must ensure that "the litigant . . . [has] notice and an opportunity to be heard." *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998). The district court satisfied this requirement by instructing Ferguson to respond to the Commissioner's motion for sanctions. *See Schlaifer Nance & Co., Inc v. Estate of Warhol*, 194 F.3d 323, 334–35 (2d Cir. 1999) (holding that an opposing party's Rule 11 motion provided sufficient notice for leave-to-file sanctions). When considering whether to impose an anti-filing injunction, a court should consider:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). The district court considered the above factors and determined that a leave-to-file injunction was necessary. In light of Ferguson's previous challenges to the trade-in exemption for sales tax, we cannot say that this was an abuse of discretion. *See, e.g.*, *Moates v. Rademacher*, 86 F.3d 13, 14–15 (2d Cir. 1996) (finding leave to file sanction was appropriate where plaintiff "clearly abused the judicial process" in part by filing multiple complaints based on the same events).

\* \* \*

5

We have considered Ferguson's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk