19-2818-cv
*Kinchen v. St. John's University*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand twenty.

PRESENT:
 DENNY CHIN,
 RAYMOND J. LOHIER, JR.,
 MICHAEL H. PARK,
  *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LENORA KINCHEN,

 *Plaintiff-Appellant*,

 v.                                    19-2818-cv

ST. JOHN'S UNIVERSITY, CONRADO BOBBY GEMPESAW, BERNARD M. TRACEY, AS EXECUTIVE VICE PRESIDENT OF MISSION, KATHLEEN MCELROY, AS SENIOR COUNSEL, JOSEPH OLIVIA, AS GENERAL COUNSEL, CYNTHIA FICO SIMPSON, AS DIRECTOR OF HUMAN RESOURCES SERVICES, KATHRYN HUTCHINSON, AS VICE PRESIDENT OF STUDENT AFFAIRS, DENISE HOPKINS, AS EXECUTIVE DIRECTOR

OF CAREER SERVICES, PAULETTE GONZALEZ, AS
SENIOR DIRECTOR OF EMPLOYER RELATIONS,
                                        *Defendants-Appellees.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


FOR PLAINTIFF-APPELLANT:        Lenora Kinchen, *pro se*, Rye, New York.

FOR DEFENDANTS-APPELLEES:        Barbara A. Gross, Littler Mendelson, P.C., New
                                York, New York.


Appeal from the United States District Court for the Eastern District of New York (Brodie, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Lenora Kinchen, proceeding *pro se*, appeals from a judgment entered August 2, 2019, dismissing her claims against her former employer, defendant-appellee Saint John's University ("St. John's") and several coworkers, and denying her motion for recusal of the district judge. In her amended complaint, Kinchen asserted claims under federal and state law, including the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*, and the Federal Wiretap Act, 18 U.S.C. § 2510 *et seq.* In a memorandum and order entered March 26, 2019, the district court dismissed the amended complaint for failure to state a claim. The district court twice granted Kinchen an opportunity to file a second

---

[*]        The Clerk of the Court shall amend the official caption in accordance with the above.

amended complaint. Kinchen declined to amend, and instead twice moved for the district judge's recusal. The district court denied the recusal motions and eventually entered judgment dismissing the amended complaint. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review *de novo* the dismissal of a complaint pursuant to Rule 12(b)(6). *Forest Park Pictures v. Universal Television Network, Inc.* 683 F.3d 424, 429 (2d Cir. 2012). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

We hold that Kinchen has waived any challenge to the merits of the district court's dismissal of her complaint by failing to raise any such argument in her appellate briefs. The briefs do not cite legal authority, nor do they discuss her substantive claims -- i.e., alleged violations of various federal statutes and state law -- except "obliquely and in passing," which is insufficient. *Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013); *see also Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (court "normally will not[] decide issues that a party fails to raise in . . . her appellate brief").

While Kinchen preserved her arguments relating to bias by seeking the district judge's recusal and reiterating her arguments on appeal, we reject the

arguments as meritless. A judge must recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In evaluating whether a judge should have recused herself, we consider the allegations of bias, as well as the judge's "rulings on and conduct regarding them," and ask whether "an objective, disinterested observer[,] fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal." *United States v. Amico*, 486 F.3d 764, 775 (2d Cir. 2007) (quoting *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992)) (internal quotation marks omitted). Claims of judicial bias "must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009). Here, Kinchen's allegations of bias are based principally on the district court's rulings, and she has not identified any matter that would cause an impartial observer to entertain significant doubt that justice would be done absent recusal. Kinchen's other allegations -- that the judge had participated in a speaking engagement at St. John's and maintained professional relationships with St. John's alumni -- also raise no inference of bias. *See, e.g.*, *In re Aguinda*, 241 F.3d 194, 203 (2d Cir. 2001) (a judge's participation in programs sponsored by bar associations or law schools does not require recusal).

We have reviewed Kinchen's remaining arguments on appeal and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk