21-1518-cv
*Oparaji v. Municipal Credit Union*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of April, two thousand twenty-two.

Present:
>	DEBRA ANN LIVINGSTON,
>		*Chief Judge,*
>	MICHAEL H. PARK,
>	MYRNA PÉREZ,
>		*Circuit Judges.*

---

MAURICE OPARAJI,

>	*Plaintiff-Appellant,*

>	v.	21-1518-cv

MUNICIPAL CREDIT UNION,

>	*Defendant-Appellee.*

---

For Plaintiff-Appellant:	Maurice Oparaji, *pro se*, Rosedale, NY.

For Defendant-Appellee:	Brian S. Gitnik, Litchfield Cavo, LLP, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Cronan, *J.*; Netburn, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant Maurice Oparaji ("Oparaji"), *pro se*, appeals from a June 14, 2021 opinion and order of the district court, dismissing Oparaji's federal-law claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and declining to exercise supplemental jurisdiction over Oparaji's remaining state-law claim. In 2016, Oparaji's account with Defendant-Appellee Municipal Credit Union ("MCU") was charged a $30 overdraft fee on sixty-nine separate occasions. Oparaji subsequently filed suit, alleging that MCU had charged these overdraft fees without first obtaining his affirmative consent, in violation of New York law; the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq.*; and §§ 1031(a), 1036(a)(1), 1054, and 1055 of the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5531(a), 5536(a)(1), 5564, 5565. Oparaji sought damages and a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

\* \* \*

As an initial matter, we conclude that Oparaji has waived many of the arguments that he advanced before the district court by failing to address them on appeal. Specifically, he fails to address the dismissal of his putative claims under the CFPA and the Declaratory Judgment Act, and he makes no meaningful argument either that the district court abused its discretion by declining to exercise supplemental jurisdiction or that it erred in denying his motion for partial summary judgment. These arguments are accordingly waived. *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (per curiam) (noting that this Court "need not, and normally will not, decide

2

issues that a party fails to raise in his or her appellate brief"); *Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (holding that a *pro se* appellant forfeited all claims against one appellee by referencing the district court's adverse ruling only "obliquely and in passing"). The only remaining challenge to the district court's ruling is Oparaji's EFTA claim.

We review *de novo* a district court's dismissal of a complaint for failure to state a claim, accepting all factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Oparaji alleged that MCU violated Regulation E of the EFTA, 12 C.F.R. § 1005.17(b)(1), by charging his account $2,070 in overdraft fees without first obtaining his affirmative consent (i.e., his "opt-in") for overdraft protection. The EFTA aims to "provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund . . . transfer systems." 15 U.S.C. § 1693(b). The Consumer Financial Protection Bureau has the power to prescribe regulations to carry out the purposes of the EFTA. *Id.* § 1693b. Those regulations, codified in Regulation E, include the "opt-in rule," which provides: "[A] financial institution holding a consumer's account shall not assess a fee or charge on a consumer's account for paying an *ATM or one-time debit card transaction* pursuant to the institution's overdraft service," unless, among other things, it first provides notice and obtains the consumer's affirmative consent. 12

3

C.F.R. § 1005.17(b)(1) (emphasis added); *see also* 12 C.F.R. Supp. I § 1005.17(b) at ¶ 8 ("[T]he [opt-in] rule does not prohibit an institution from assessing such [an overdraft] fee if the negative balance is attributable in whole or in part to [an] . . . ACH . . . transaction not subject to the prohibition on assessing overdraft fees in § 1005.17(b)(1).").[1]

Oparaji sued under a section of the EFTA that provides a private right of action against defendants who violate "any provision of [the EFTA, 15 U.S.C. §§ 1693–1693r]." 15 U.S.C. § 1693m. Although Oparaji does not specify which of these statutory provisions MCU violated when it charged him overdraft fees without an affirmative opt-in under Regulation E, we need not address that issue because Oparaji's transactions are clearly not covered by the opt-in rule. The overdraft fees were coded "ACH NSF FEE," or "automated clearing house non-sufficient funds fee," and most of the fees were attributable to PayPal transfers. Crucially, none of the fees were attributable to ATM or one-time debit transactions. We thus conclude, as did the district court, that the opt-in rule is inapplicable and Oparaji has failed to state a claim related to Regulation E.[2]

---

[1] For a consumer to "opt-in," the institution must provide the consumer "with a notice in writing . . . describing the institution's overdraft service"; provide "a reasonable opportunity for the consumer to affirmatively consent, or opt in, to the service for ATM and one-time debit card transactions"; obtain the consumer's "affirmative consent, or opt-in, to the institution's payment of ATM or one-time debit card transactions"; and provide the consumer with confirmation of that consent in writing. 12 C.F.R. § 1005.17(b)(1)(i)–(iv).

[2] Oparaji also challenges the magistrate judge's report and recommendation, which was adopted in part by the district court. Specifically, Oparaji alleges that, by using ellipses, the magistrate judge misconstrued the scope of Regulation E. We conclude that the omitted language had no bearing on the magistrate judge's analysis, and we accordingly reject this argument.

We have considered Oparaji's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court