14-1398
*Catalino Espinosa v. McCabe, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand fifteen.

PRESENT:
> AMALYA L. KEARSE,
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

CATALINO ESPINOSA,

       *Plaintiff-Appellant,*

      v.                        No. 14-1398

McCABE, Sergeant at Bare Hill Correctional Facility, ARQUETTE, Officer at Bare Hill Correctional Facility, LEON CARTER, Correction Officer, AKA Canton,

1

SOUTHWORTH, Officer at Bare Hill
Correctional Facility, EDWARD
HUGABOOM, Nurse at Bare Hill
Correctional Facility, JORGE L. SERRANO,
Counselor at Bare Hill Correctional Facility,

*Defendants-Appellees*.*

_____

For Plaintiff-Appellant:            Catalino Espinosa, pro se, Attica, NY.

For Defendants-Appellees:           Andrew B. Ayers, Assistant Solicitor
                                    General (Barbara D. Underwood, Solicitor
                                    General, Paul Groenwegen Assistant
                                    Solicitor General, *on the brief*), *for* Eric T.
                                    Schneiderman, Attorney General of the
                                    State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the appeal is **HELD IN ABEYANCE**.

Plaintiff-Appellant Catalino Espinosa, proceeding pro se, appeals the district court's judgment in favor of the Defendants-Appellees on his 42 U.S.C. § 1983 claims for excessive force and deliberate indifference following a jury

_____

* The Clerk of the Court is directed to amend the caption as above.

verdict. He has filed a brief on appeal that contains no information about his case or this appeal.

Federal Rule of Appellate Procedure 28(a) "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). This Court "normally will not[] decide issues that a party fails to raise in his or her appellate brief," even for pro se litigants. *Id*. Espinosa's brief, even liberally construed, identifies no issues for this Court to examine on appeal. Although the statement in his brief that he seeks remand for a fair and impartial trial suggests that he wishes to challenge the jury verdict, he has raised no specific challenge to the jury trial. Moreover, because Espinosa has not provided transcripts of the trial proceedings, we lack the ability to conduct meaningful appellate review of the jury trial. *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam).

Within thirty days of the date of this order, Espinosa is required to submit an additional letter brief explaining what issues he raises on appeal and the exact nature of those challenges. To the extent that Espinosa raises issues that would require an examination of the trial transcript, he must also provide the necessary

3

transcripts in accordance with Federal Rule of Appellate Procedure 10(b). Fed. R. App. P. 10(b)(1)(A), (B) (explaining that it is the appellant's duty to "order from the reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary . . . ; or [] file a certificate stating that no transcript will be ordered"). If Espinosa wishes to seek free transcripts, he must first move in the district court and demonstrate financial need and that his appeal is "not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f).

Accordingly, we hold the appeal in **ABEYANCE** until Espinosa submits a letter brief identifying his issues on appeal within thirty days of this order. Should Espinosa wish to raise issues requiring trial transcripts, he must also submit either the transcripts, or proof that he has sought free transcripts from the district court, at the same time that he submits his letter brief.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4