17-3430-cv
Calizaire v. Mortgage Electronic Registration Systems, Inc., et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of April, two thousand nineteen.

PRESENT:
        ROBERT D. SACK,
        PETER W. HALL,
        CHRISTOPHER F. DRONEY,
            *Circuit Judges.*

_____

Allan Calizaire,

            *Plaintiff-Appellant*,

        v.                                                      17-3430

Mortgage Electronic Registration Systems, Inc., Deutsche Bank National Trust Company; and Ocwen Loan Servicing, LLC, Does1-7, and all persons claiming any legal or equitable right, title, estate. lien or interest in the property described in the complaint adverse to the plaintiff's title, or any cloud on plaintiff's title of the property,

            *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:            Allan Calizaire, pro se, Brooklyn, NY.

FOR DEFENDANTS-APPELLEES:          Kathleen M. Massimo, Houser & Allison, APC, New York, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Amon, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Allan Calizaire, pro se, sued Mortgage Electronic Registration Systems, Inc. ("MERS"), Deutsche Bank National Trust Company ("Deutsche Bank"), Ocwen Loan Servicing, LLC ("Ocwen"), Does 1-7, and all persons claiming any interest in his Brooklyn property in state court. After the action was removed to federal court, Calizaire filed an amended complaint, asserting claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, and state law. He sought damages as well as declaratory and injunctive relief. The district court dismissed with prejudice the federal claims as untimely, dismissed the claims for declaratory and injunctive relief pursuant to the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and dismissed the state-law claims for failure to state a claim. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

This Court reviews *de novo* a district court's dismissal of an action for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "construing the complaint liberally, accepting all factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor." *Nicosia v. Amazon.com*, *Inc.*, 834 F.3d 220, 230 (2d Cir. 2016). To avoid dismissal, a complaint must plead

"enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

This Court "liberally construe[s] pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted), and affords pro se litigants "some latitude" in complying with the rules governing litigation, *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). But all appellants, including those proceeding pro se, must still comply with Fed R. App. P. 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal." *Id.* Thus, the Court "need not, and normally will not, decide issues that a party fails to raise in his or her appellate brief." *Id.*; *see also LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (pro se litigant abandons issues not addressed in appellate brief). Nor will this Court usually decide issues that an appellant raises only in passing. *Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (pro se litigant "waived any challenge" to the district court's adverse ruling because brief mentioned ruling only "obliquely and in passing"); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

Calizaire's brief on appeal reiterates his factual allegations but does not mention many of his state-law claims . He references his TILA and RESPA claims in passing but does not address the district court's grounds for dismissing them; i.e., that they were untimely by more than five

3

years.   He also references his breach-of-contract, fraud, and wrongful-foreclosure claims in passing, but does not address the district court's bases for dismissing them, explain how or why the district court might have erred, or cite any legal authority.   We find that Calizaire has waived any challenge to the district court's dismissal of his claims by failing to raise any arguments on appeal.   *See LoSacco*, 71 F.3d at 92–93.

Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4