UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 4th day of October, two thousand nineteen.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
                  *Circuit Judges*.

───────────────────────────────────────────────

IN RE ANDRE EVERTON GRANT,

          *Debtor*.

───────────────────────────────────────────────

ANDRE EVERTON GRANT,

          *Plaintiff-Appellant*,

               v.                                            18-437-bk

UNITED STATES DEPARTMENT OF DEFENSE,

          *Defendant-Appellee*.

───────────────────────────────────────────────

Appearing for Appellant:     Andre Grant, pro se, Stamford, CT.

Appearing for Appellee:      Lauren M. Nash, Marc H. Silverman, Assistant United States Attorneys, *for* John H. Durham, United States Attorney, District of Connecticut, New Haven, CT.

Appeal from the United States District Court for the District of Connecticut (Hall, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Andre Grant, proceeding pro se, appeals the district court's judgment affirming a bankruptcy court decision denying his motion for sanctions and damages against the Department of Defense ("DOD"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"A district court's order in a bankruptcy case is subject to plenary review, meaning that this Court undertakes an independent examination of the factual findings and legal conclusions of the bankruptcy court." *In re Cacioli*, 463 F.3d 229, 234 (2d Cir. 2006) (internal quotation marks omitted). We review a bankruptcy court's sanctions order for abuse of discretion. *In re. Kalikow*, 602 F.3d 82, 91 (2d Cir. 2010). We review conclusions of law de novo, and findings of fact for clear error. *Id.*

While this Court "liberally construe[s] pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted), pro se appellants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). Accordingly, the Court "normally will not[] decide issues that a party fails to raise in his or her appellate brief." *Id.*

Here, the only argument set forth in Grant's appellate brief is that his debt was dischargeable in bankruptcy, and that the DOD violated the discharge injunction by withholding his tax refund in an effort to collect it. Grant identifies two other potential issues in his brief, but does not make any arguments with respect to them. These issues are waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal," and "stating an issue without advancing an argument" does not suffice to raise that issue for appellate review). Further, there is no risk of "manifest injustice" here, since the district court's decision gave Grant notice that he was required to present arguments with respect to each issue for which he sought appellate review, and that merely identifying them as issues was insufficient. *See Shakur v. Selsky*, 391 F.3d 106, 119 (2d Cir. 2004) ("It is well established that an argument not raised on appeal is deemed abandoned and lost, and that a court of appeals will not consider the argument unless it has reason to believe that manifest injustice would result otherwise." (internal quotation marks omitted)). As the bankruptcy court provided three independent alternative bases for its decision, two of which are not challenged in this appeal, Grant's appeal necessarily fails.

We have considered the remainder of Grant's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk