18-3724-cv
*Rockwell, et al. v. Town of Hamden, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand twenty.

PRESENT:   JOHN M. WALKER, JR.,
             JOSÉ A. CABRANES,
             ROBERT D. SACK,
                    *Circuit Judges.*

---

JAMES ROCKWELL AND VERONICA ROCKWELL,

        *Plaintiffs-Appellants*,

        v.                                 18-3724-cv

TOWN OF HAMDEN AND ERIC GOCLOWSKI,

        *Defendants-Appellees*,

HAMDEN POLICE DEPARTMENT,

        *Defendant.*

---

**FOR PLAINTIFFS-APPELLANTS:**      James Rockwell, Veronica Rockwell, *pro se*, Orange, CT.

**FOR DEFENDANT-APPELLEES:**      Andrew Glass, James Tallberg, Karsten & Tallberg, LLC, Rocky Hill, CT.

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Alfred V. Covello, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 14, 2018 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiffs-Appellants James and Veronica Rockwell (jointly, "Rockwells"), proceeding pro se, appeal from a judgment of the District Court entered in favor of Defendants-Appellees Town of Hamden and Officer Eric Goclowski (jointly, "Defendants") and dismissing the Rockwells' lawsuit alleging a violation of their First Amendment right to assemble under 42 U.S.C. § 1983. The Rockwells argue that Defendants prevented them from attending the funeral of their granddaughter by detaining them outside the church in which the service was held and by threatening to arrest them if they continued to approach the church. There was a history of bitter intra-family disputes between the Rockwells and their adult child, the parent of the deceased. The District Court granted summary judgment to Defendants on the basis that there was no violation of the First Amendment because the Town of Hamden had a significant interest in maintaining peace and order at the funeral and because the Rockwells were able to hear the audio of the funeral at a public viewing area. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). Moreover, we "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted), and afford these litigants "some latitude in meeting the rules governing litigation," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (citations omitted).

The First Amendment protects the right to peaceably assemble. *See* U.S. Const. amend. I. That right, however, "is not absolute." *Concerned Jewish Youth v. McGuire*, 621 F.2d 471, 473 (2d Cir. 1980). The Government is permitted to restrict the "time, place, and manner" of assemblies so long as those restrictions further a "significant governmental interest[]", and permit "alternative channels for the communication of the information." *Id.* (internal quotation marks omitted).

Upon *de novo* review of the record on appeal and in the circumstances presented, we conclude that the District Court did not err by granting summary judgment to Defendants. Here, to

be sure, the Rockwells were not protesters who were denied the right to assemble. Rather, the Rockwells challenge Defendants' actions preventing them from attending their granddaughter's funeral. But, as the District Court noted, Defendants have an important interest in keeping peace and order during the funeral—particularly in light of the warning by Joseph Hudak, Veronica Rockwell's son, to the Hamden police that the Rockwells' appearance at the funeral would be disruptive and cause his family additional distress. As a result, the interest in ensuring public safety and order justifies the restriction imposed. *See Marcavage v. City of New York*, 689 F.3d 98, 104–06 (2d Cir. 2012) (explaining that the police could create a "no demonstration zone" to mitigate security and congestion concerns near political convention); *see also Cox v. Louisiana*, 379 U.S. 536, 554–55 (1965) (explaining that restrictions on the right to assemble may be warranted to, for example, maintain the "control of travel on the streets").

Moreover, the Rockwells were provided alternative access to the funeral at the public viewing area where other attendees were gathered.[1] Indeed, even if the alternative access was not a perfect substitute for attending the funeral inside the church, the Rockwells received as much access as any other person who could not be seated. *See Marcavage*, 689 F.3d at 107 (stating that alternative channels need not "be perfect substitutes for those channels denied to plaintiffs"). The alleged temporary detention by Goclowski did not violate the Rockwells' First Amendment rights. *See id.* at 101–02 (upholding order preventing protests in "no demonstration zone" but allowing protests in nearby "demonstration zone"); *Concerned Jewish Youth*, 621 F.2d at 473 (upholding restriction of protesters to bullpens in a single location).

In sum, because Defendants' had a significant interest in preserving the public peace during the funeral, and because the Rockwells had access to an alternative viewing area, the District Court properly granted summary judgment in favor of Defendants.

---

[1] The Rockwells argue for the first time on appeal that the public viewing area was not an adequate accommodation because they could only hear some of the audio of the funeral. Because the Rockwells did not raise this issue in the District Court—instead, they admitted Defendants' statement that the funeral was broadcast to the public viewing area—they waived the claim on appeal. *See Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005) ("In general we refrain from passing on issues not raised below." (internal quotation marks omitted)).

## CONCLUSION

We have reviewed all of the arguments raised by the Rockwells on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the November 14, 2018, judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court