19-1345-cv
Campbell v. Bottling Group, LLC

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of May, two thousand twenty.

PRESENT:   PIERRE N. LEVAL,
                      RAYMOND J. LOHIER, JR.,
                      JOSEPH F. BIANCO,
                              *Circuit Judges*.

------------------------------------------------------------------

BOBBY CAMPBELL, JR.,

     *Plaintiff-Appellant*,

    v.                                                      No. 19-1345-cv

BOTTLING GROUP, LLC,

     *Defendant-Appellee*.*

------------------------------------------------------------------

---

* The Clerk of Court is directed to amend the caption as set forth above.

FOR PLAINTIFF-APPELLANT:    BOBBY CAMPBELL, JR., *pro se*, Gainesville, FL.

FOR DEFENDANT-APPELLEE:    LINDA T. PRESTEGAARD, Phillips Lytle LLP, Rochester, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Bobby Campbell, Jr., who is African American and proceeding pro se, appeals a decision of the District Court (Larimer, J.) granting summary judgment in favor of defendant Bottling Group, LLC, on his employment discrimination claims under Title VII and the New York State Human Rights Law (NYSHRL) for race-based discrimination and retaliation.  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

As an initial matter, we conclude that Campbell abandoned his failure to promote claim by not raising any arguments relating to that claim in his briefing on appeal.  We "liberally construe pleadings and briefs submitted by pro se

2

litigants . . . to raise the strongest arguments they suggest." McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017) (quotation marks omitted). But a pro se appellant must still comply with Federal Rule of Appellate Procedure 28(a), which requires an appellant's brief "to provide the court with a clear statement of the issues on appeal." Moates v. Barkley, 147 F.3d 207, 209 (2d Cir. 1998). Accordingly, we "normally will not[] decide issues that a party fails to raise in his or her appellate brief." Id. Even liberally construing Campbell's brief, he fails to mention the failure to promote claim, thereby abandoning it. We therefore consider only Campbell's claims of discriminatory termination, retaliation, and hostile work environment.

"We review a district court's grant of summary judgment de novo . . . resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." Garcia v. Hartford Police Dep't, 706 F.3d 120, 126–27 (2d Cir. 2013) (quotation marks omitted). Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, "there is no genuine dispute as to any material fact." Id. at 126 (quotation marks omitted). But "conclusory statements or mere allegations [are] not sufficient to

3

defeat a summary judgment motion . . . ." Penn v. N.Y. Methodist Hosp., 884 F.3d 416, 423 (2d Cir. 2018) (alteration in original) (quotation marks omitted). We analyze Title VII and NYSHRL claims for discrimination and retaliation under the three-step burden-shifting framework established by McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). First, the employee must establish a prima facie case of discrimination or retaliation; second, if he does, the employer must proffer a legitimate, non-discriminatory reason for the adverse employment action (here, Campbell's termination); and third, if the employer does so, the employee can defeat summary judgment only by pointing to record evidence that would permit a rational finder of fact to infer that the defendant's proffered reason was a pretext for discrimination or retaliation. See Kirkland v. Cablevision Sys., 760 F.3d 223, 225 (2d Cir. 2014); Forrest v. Jewish Guild for the Blind, 3 N.Y.3d 295, 305 n.3 (2004).

We affirm the District Court's grant of summary judgment on Campbell's discriminatory termination and retaliation claims because, assuming without deciding that Campbell established a prima facie case, he failed to adduce evidence that rebutted Bottling Group's proffered legitimate reason for

4

termination, namely, that according to the mileage audit report, Campbell claimed reimbursement for several hundred more miles than he had driven.

Campbell first responds that the mileage audit report was inaccurate and, indeed, falsified; he contends that Jesse Pitts, the supervisor who conducted the audit, intentionally omitted stops that Campbell made. But Campbell, who was required to come forward with "record evidence" to rebut Bottling Group's proffered explanation for terminating him, see Salahuddin v. Goord, 467 F.3d 263, 273 (2d Cir. 2006), never offered any evidence in support of his assertion about Pitts or to show that the audit report was materially false. A general disclaimer in the terms of use for the website used to conduct the audit, and Bottling Group's acknowledgement that the mileage calculation did not "perfectly track[] the actual routes taken by merchandisers," do not support Campbell's conclusory assertions that the report was "fabricated" or "knowingly inaccurate." Appellant Br. at 8; see also Penn, 884 F.3d at 423. For these reasons, the District Court's reliance on the audit report did not amount to an improper factual or credibility determination.

Campbell also attempted to show that the mileage report was not the real reason for his termination by pointing to two white merchandisers who overreported their mileage but were not fired. Evidence that a plaintiff was treated less favorably than similarly situated comparators outside the plaintiff's protected group can raise a question of fact as to pretext. See Cruz v. Coach Stores, Inc., 202 F.3d 560, 567–68 (2d Cir. 2000). But the comparator must have engaged in "comparable conduct" of "comparable seriousness." Graham v. Long Island R.R., 230 F.3d 34, 40 (2d Cir. 2000) (quotation marks omitted); see also Cruz, 202 F.3d at 568. Here, as the District Court pointed out, the white merchandisers were not similarly situated to Campbell because their mileage reports showed that they overreported their mileage by sixty miles or less, whereas Campbell's mileage report showed much more significant overreporting of 577 miles during the same period. Accordingly, we conclude that Campbell failed to sustain his burden of adducing evidence that rebutted Bottling Group's proffered legitimate reason and thus defeat summary judgment on his discriminatory termination and retaliation claims.

Finally, substantially for the reasons stated by the District Court, we agree that Campbell failed to demonstrate that he was subjected to a racially hostile work environment. To establish a claim for hostile work environment, a plaintiff must show discriminatory conduct that was "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Alfano v. Costello, 294 F.3d 365, 373 (2d Cir. 2002) (quotation marks omitted); see also Summa v. Hofstra Univ., 708 F.3d 115, 123–24 (2d Cir. 2013). A plaintiff must show either "a single incident [that] was extraordinarily severe" or "a series of incidents [that] were sufficiently continuous and concerted to have altered the conditions of [his] working environment." Alfano, 294 F.3d at 374 (quotation marks omitted). Viewing the record in Campbell's favor, we agree with the District Court that the incidents to which Campbell points do not rise to the level of being severe or pervasive. For example, Campbell offered evidence that his former supervisor, Robert Flaherty, told him "that there was a 'stink' on him . . . due to [his] performance issues." Sp. App'x 7–8. Even if we assume that the statement had racial overtones, this single remark falls below the "extraordinarily severe"

standard for a hostile work environment claim based on a single incident.

Moreover, Campbell's conclusory and generalized allegations of harassment and criticism of his job performance do not establish a nexus to a protected ground. For the first time on appeal, Campbell also asserts that Flaherty called him "kid," a term that Campbell analogized to being called "boy." The analogy is not without basis, but because Campbell's assertion was not previously made to the District Court, we decline to consider it as support for Campbell's hostile work environment claim for the first time on appeal. See Harrison v. Republic of Sudan, 838 F.3d 86, 96 (2d Cir. 2016) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (quotation marks omitted)).

We have considered Campbell's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court