Whitnum v. Town of Woodbridge

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27ᵗʰ day of January, two thousand twenty-one.**

PRESENT:
> ROBERT A. KATZMANN,
> RAYMOND J. LOHIER, JR.,
> SUSAN L. CARNEY,
> *Circuit Judges.*

---

L. Lee Whitnum,

> *Plaintiff-Appellant*,

> v. 19-4269

Town of Woodbridge, Robert B. Crowther, personally and professionally, Frank P. Cappiello, personally and professionally,

> *Defendants-Appellees*.

---

FOR PLAINTIFF-APPELLANT: L. LEE WHITNUM, pro se, Greenwich, CT.

FOR DEFENDANTS-APPELLEES: ANDREW GLASS (James N. Tallberg, *on the brief*), Karsten & Tallberg, LLC, Rocky Hill, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Appellant L. Lee Whitnum, proceeding pro se, appeals the district court's order granting summary judgment to the defendants and dismissing her complaint. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

As an initial matter, we conclude that Ms. Whitnum has waived any challenge to the primary bases for the district court's ruling. Although "we liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam),[*] "we need not, and normally will not, decide issues that a party fails to raise in his or her appellate brief." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (per curiam). Because Ms. Whitnum does not meaningfully raise any specific factual or legal challenges to the district court's dismissal of her malicious prosecution, false arrest, constitutional, or state claw claims, we decline to broadly revisit the merits of those decisions here. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

Those arguments that Ms. Whitnum does properly raise in her brief offer no basis for reversal. First, Ms. Whitnum argues that the district court did not read all of her submissions or

---

[*] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

treat her with the solicitude that pro se litigants are due. Ms. Whitnum, however, offers no evidence to support those allegations. Furthermore, the order indicates that the district court thoroughly reviewed the record before it, and the order specifically notes the district court's duty to "liberally constru[e]" Ms. Whitnum's submissions. Dist. Ct. Dkt. 289 at 19. Second, Ms. Whitnum argues that the district court erred by deciding the summary judgment motion without oral argument. However, "a district court's decision whether to permit oral argument rests within its discretion," and the extensive record evidence and submissions available in this case confirm that deciding the motion without oral argument was not an abuse of that discretion. *AD/SAT, Div. of Skylight, Inc. v. Associated Press*, 181 F.3d 216, 226 (2d Cir. 1999). Third, Ms. Whitnum argues that the district court overlooked some of her claims. A reading of the district court order reveals that, to the contrary, the court carefully considered each of Ms. Whitnum's claims. Finally, Ms. Whitnum argues that the district court judge was biased. This argument does not succeed because it is based only on unsupported speculation and her disagreement with the district court's decision. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

We have considered Ms. Whitnum's remaining arguments on appeal and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3