20-590-cv
Whitfield v. McCabe, Weisberg & Conway, P.C.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of March, two thousand twenty one.

Present:     ROSEMARY S. POOLER,
            RICHARD J. SULLIVAN,
            MICHAEL H. PARK,
                 *Circuit Judges*.

_____

LORREN V. WHITFIELD, SETTLOR/TRUSTEE,

          *Plaintiff-Appellant*,

          v.                                                    20-590-cv

McCABE, WEISBERG & CONWAY, P.C.,

          *Defendant-Appellee*.[1]

_____

Appearing for Appellant:     Lorren V. Whitfield, pro se, Brooklyn, N.Y.

Appearing for Appellee:      Melissa S. Dicerbo, McCabe, Weisberg & Conway, LLC, New Rochelle, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Kuntz, *J.*).

     **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

_____

[1] The Clerk of the Court is directed to amend the caption as above.

Lorren Whitfield, proceeding pro se, appeals the district court's judgment dismissing his complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3) and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Whitfield sued McCabe, Weisberg & Conway, P.C. ("McCabe") and others in connection with state-court foreclosure and eviction actions and the defendants' other efforts to collect on the underlying note. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"[W]e liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks and alteration omitted), but pro se appellants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). We "normally will not[] decide issues that a party fails to raise in his or her appellate brief." *Id.* Here, Whitfield's appellate brief does not address the bases for the district court's ruling, which were that his challenge to the state-court judgments was barred by the *Rooker-Feldman* doctrine, and that he failed to allege sufficient facts in support of his claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1962p. He has thus forfeited any such challenges. *See LoSacco*, 71 F.3d at 93.

The arguments Whitfield did raise in his brief do not provide a basis for reversal. Dismissing a complaint pursuant to Federal Rule of Civil Procedure 12 does not violate the constitutional right to a jury trial. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing standards for dismissing a complaint prior to trial pursuant to Fed. R. Civ. P. 12(b)(6)). Whitfield's claims about his legal status as a trust, indigenous person, or religious consumer have no legal basis. The defendants were not required to answer the complaint because the district court dismissed it sua sponte, just as McCabe was not required to serve a scheduling order on appeal because this Court entered a default scheduling order and sent a copy to Whitfield. Finally, although Whitfield claimed he never received a response to his brief, an attorney for McCabe certified in October 2020 that a copy of its brief was served on Whitfield by mail.

We have considered the remainder of Whitfield's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side shall bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2