20-4250-cv
Chen v. Stony Brook University Advancement

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand twenty-two.

PRESENT:
> MICHAEL H. PARK,
> BETH ROBINSON,
> > *Circuit Judges,*
> JED S. RAKOFF,*
> > *District Judge.*

---

Huayuan Chen,

> *Plaintiff-Appellant,*

v.                                                                                     20-4250

Stony Brook University Advancement, Edward W. Testa, Jr., Kathleen Le Viness,

> *Defendants-Appellees.*

---

FOR PLAINTIFF-APPELLANT:                          Huayuan Chen, pro se,
                                                                   Setauket, NY.

---

* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR DEFENDANTS-APPELLEES:** Barbara D. Underwood, Solicitor General, Judith N. Vale, Assistant Deputy Solicitor General, Blair J. Greenwald, Assistant Solicitor General of Counsel, *for* Letitia James, Attorney General, State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*; Shields, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff Huayuan Chen, proceeding pro se, alleged that Defendants unlawfully discriminated against her in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a)(1), and 42 U.S.C. § 1983 by terminating her from her Lead Programmer/Analyst position at Stony Brook University (the "University") because of her Chinese national origin. Chen appeals the district court's judgment, in which it granted summary judgment in favor of Defendants with respect to her federal claims and declined to exercise supplemental jurisdiction over her related state-law claims.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[2]

We review de novo an order granting a motion for summary judgment. *Sotomayor v. City of New York*, 713 F.3d 163, 164 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute

---

[1] Chen's appellate brief does not dispute the disposition of her state-law claims. The issue is thus waived. *See Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) ("Although *pro se* litigants are afforded some latitude in meeting the rules governing litigation, . . . we need not, and normally will not, decide issues that a party fails to raise in his or her appellate brief.").

[2] Amici curiae, a group of Chinese American professionals, move for leave to file an amicus brief. That motion is GRANTED. *See* Fed. R. App. P. 29(a)(2).

as to any material fact and the movant is entitled to judgment as a matter of law.'"[3]  *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

Employment discrimination claims brought under Title VII and § 1983 are considered under the *McDonnell Douglas* burden-shifting framework.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Sorlucco v. N.Y.C. Police Dep't*, 888 F.2d 4, 6–7 (2d Cir. 1989).  "Under *McDonnell Douglas*, a plaintiff bears the initial burden of proving by a preponderance of the evidence a prima facie case of discrimination; it is then the defendant's burden to proffer a legitimate non-discriminatory reason for its actions; the final and ultimate burden is on the plaintiff to establish that the defendant's reason is in fact pretext for unlawful discrimination."  *Abrams v. Dep't of Pub. Safety*, 764 F.3d 244, 251 (2d Cir. 2014).

Even assuming that Chen met her prima facie burden, we affirm the district court's conclusion that "a reasonable jury could not ultimately find . . . that the decision not to renew Plaintiff's contract was discriminatory."  App'x at 34.  Defendants proffered legitimate, nondiscriminatory reasons for their actions—namely, their belief that Chen acted unprofessionally, lacked the skills necessary for her position, and failed to complete assigned projects correctly and on time.  The burden thus shifted to Chen to establish, not only that these reasons were false, but also that it was "more likely than not [that] discrimination was the real reason" for the employment actions.  *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714 (2d Cir. 1996) (cleaned up); *see also Zimmermann v. Assocs. First Cap. Corp.*, 251 F.3d 376, 382 (2d Cir. 2001) ("[A] record that include[s] evidence of a *prima facie* case and evidence permitting a finding of pretext d[oes]

---

[3] We note that the record does not show that Chen received explicit notice of the nature and consequences of summary judgment in accordance with *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620–21 (2d Cir. 1999).  We conclude that any error is harmless, however, because Chen's filings in response to Defendants' motion for summary judgment establish her understanding that she was required to present evidence as to every issue of fact that she wished to preserve for trial.  *See id.*

not suffice to permit a finding of discrimination.").

Chen did present evidence—principally in the form of her own declaration—that she did not act unprofessionally and that her work was not deficient. Under the circumstances of this case, this evidence could suffice to establish a genuine dispute as to whether the reasons given by Defendants were pretextual—but not that the reasons were pretext for national origin discrimination.[4]

Chen presented no direct evidence of anti-Chinese animus. Although the record contains evidence of some stray references to Chen's national origin during her employment, these comments do not support an inference of discrimination because there is no evidence that the speakers were involved in the decision to terminate Chen's employment and there is no evidence that the decisionmakers were aware of them.

In fact, the undisputed record evidence undermines Chen's claim of national origin discrimination. The people who decided that Chen's employment should be terminated—Defendants Kathleen Le Viness and Edward Testa—were the same people who recommended that she be hired, and these decisions were made within a period of a few months: Chen applied for the position in January 2014 and began work in March, and Testa documented their intent to fire Chen in May. *See Grady v. Affiliated Cent., Inc.*, 130 F.3d 553, 560 (2d Cir. 1997) ("[W]hen the person who made the decision to fire was the same person who made the decision to hire, it is difficult to impute to her an invidious motivation that would be inconsistent with the decision to hire. This is especially so when the firing has occurred only a short time after the hiring."). Indeed, the

---

[4] We need not decide Chen's challenge to the authenticity of the June 2014 memo because we assume that she sufficiently disputed the allegations contained in that document about her deficient work performance. In any event, even if Chen successfully demonstrated that the memo was unreliable and should not have been considered below, it would not help her overcome the primary deficiency in her argument—a lack of evidence that she was discriminated against because of her national origin.

record indicates that Le Viness and Testa recommended Chen for the position over another candidate, a white woman, who had more relevant business experience.

We are unpersuaded by Chen's remaining arguments. Chen argues that she raised an inference of discrimination because she was treated "less favorably than a similarly situated employee outside [her] protected group." *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000). Even assuming that Chen showed she was treated less favorably than a similarly situated white coworker, she again fails to provide any evidence that this was due to national origin discrimination. *See McGuinness v. Lincoln Hall*, 263 F.3d 49, 55–56 (2d Cir. 2001) (concluding that although plaintiff "satisfie[d] the minimal requirements to state a prima facie case of disparate treatment," summary judgment against her on her gender discrimination claim was appropriate because she failed to provide any evidence that she was treated differently because of her gender).

Chen also argues that Testa demonstrated that he held stereotyped views of people of Chinese origin when, following the meeting at which she was informed that her contract would not be renewed, he told University police that she had threatened suicide. But the connection that Chen attempts to draw between suicide and her national origin has no support in the evidence, and these events appear to have been independent of the decision to terminate her employment, which was made months earlier.

Chen also has not drawn any plausible connection between the purported failure to provide her an opportunity to challenge Defendants' actions and her national origin. In any event, Chen's arguments on this point are difficult to follow: the union contract she cites provides 10 days to contest a non-renewal notice, and Chen does not explain why she could not have contested Defendants' decision during that period.

We have considered the remainder of Chen's arguments and find them to be without merit.

5

Accordingly, we affirm the judgment of the district court and grant the motion to file an amicus brief.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court