22-529-pr
*Gutierrez v. Rappa*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand twenty-three.

Present:

WILLIAM J. NARDINI,
SARAH A. L. MERRIAM,
*Circuit Judges,*
GARY S. KATZMANN,
*Judge\**

_____

FREDY GUTIERREZ-PINTO,

*Plaintiff-Appellant*,

v.                                                                          22-529

ROBERT RAPPA**,** Superintendent of Industry at
Green Haven Correctional Facility, DAN GARCIA,
Correction Officer JOHNNY ROJAS**,** Industry
Supervisor, MARY ASHONG**,** Nurse
Practitioner/Family Health, ANTHONY
ANNUCCI, Acting Commissioner of Department of
Corrections and Community Supervision, ROBERT
BENTIVENGA, Medical Supervisor of Green
Haven Correctional Facility,

_____

\* Judge Gary S. Katzmann, of the United States Court of International Trade, sitting by designation.

1

*Defendants-Appellees.* \*\*

For Plaintiff-Appellant:                         Fredy Gutierrez-Pinto, pro se, Stormville, NY.

For Defendants-Appellees:                  Barbara D. Underwood, Solicitor General,
                                                          Ester Murdukhayeva, Deputy Solicitor General,
                                                          Eric R. Haren, Special Counsel, *for* Letitia
                                                          James, Attorney General, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Fredy Gutierrez-Pinto, proceeding pro se, appeals from a judgment of the district court (Cathy Seibel, *Judge*), entered on February 22, 2022, dismissing his Eighth Amendment claims against various New York Department of Corrections and Community Supervision ("DOCCS") employees. Gutierrez-Pinto's claims arose from a forklift accident that occurred while he was working in a prison's shipping area and the medical treatment he received in the aftermath. We assume the parties' familiarity with the case.

We review *de novo* a district court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), accepting all well-pleaded factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016). To avoid dismissal, a complaint must contain "enough facts to state a claim to relief that is

---

\*\* The Clerk of Court is respectfully directed to amend the case caption as set forth above.

2

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We "liberally construe pleadings and briefs submitted by pro se litigants" to "raise the strongest arguments they suggest," *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022) (internal quotation marks omitted), and we afford pro se litigants "some latitude" in complying with the rules governing litigation, *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998).

Turning first to Gutierrez-Pinto's claim about the accident itself, the district court correctly determined that he failed to allege that any of the relevant defendants acted with deliberate indifference. Gutierrez-Pinto's allegations—that these defendants were standing far away, were unaware of what was happening, and did not pay adequate attention to the driver of the forklift—demonstrate negligence at most, which does "not suffice" as the foundation of an Eighth Amendment claim. *See Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996).

Gutierrez-Pinto's Eighth Amendment claim arising out of allegedly inadequate medical care fails for a similar reason: he failed to plead facts showing "deliberate indifference to his serious medical needs." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks, alteration, and citation omitted). His complaint acknowledged that, after the accident, he received x-rays and an EMG nerve exam, the results of which were normal; physical therapy; and Tylenol for pain management. His allegations thus reflect disagreement in treatment approach or perhaps an assertion of medical negligence or malpractice, but neither "mere disagreement over the proper treatment" nor negligence, without more, can give rise to an Eighth Amendment violation. *Id.* at 703.

3

Finally, the district court did not abuse its discretion in dismissing the complaint without leave to further amend.   In cases brought by pro se plaintiffs, a "complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (internal quotation marks omitted).   But here, Gutierrez-Pinto had already been permitted to amend once after the defendants identified specific deficiencies in his complaint. The district court was therefore justified in not affording him yet another chance to amend his complaint in the absence of a specific request or a suggestion that he was in possession of facts or allegations that would fix the pleading deficiencies.   *See Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 88 (2d Cir. 2011) (a district court's denial of leave to amend is reviewed generally for abuse of discretion and *de novo* when denial is based on rulings of law).

We have considered all of Gutierrez-Pinto's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4