23-8057-cv
*Mendez v. Pretium Mortg. Credit Partners, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand twenty-four.

PRESENT:
> MICHAEL H. PARK,
> BETH ROBINSON,
> MYRNA PÉREZ,
> > *Circuit Judges.*

_____

Carmen L. Mendez,

> *Plaintiff-Appellant,*

> v.                                                              **23-8057-cv**

Pretium Mortgage Credit Partners, Pretium Mortgage Credit Management, Wilmington Savings Fund Society, FSB, Christiana Trust, not individually but as Trustee for Pretium Mortgage

**Acquisition Trust, Rushmore Loan Management Services, Selene Finance, LP,**

*Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT: Carmen L. Mendez, pro se, Brooklyn, NY.

FOR DEFENDANTS-APPELLEES: Stephen J. Vargas, Gross Polowy, LLC, Westbury, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Carmen Mendez sued several mortgage companies for alleged fraud during the refinancing of her home loan in 2007.  Mendez defaulted on that loan in 2013. The Kings County Supreme Court entered a final judgment of foreclosure in 2018 and rejected Mendez's allegations of fraud.  Mendez argued below that the claims against her and her property should be "nullified" and Defendants should have to bring the "original [loan] documents to court."  The district court granted

2

Defendants' motion for summary judgment and dismissed Mendez's claims as barred by the *Rooker-Feldman* doctrine, res judicata, and collateral estoppel. *See Mendez v. Pretium Mortg. Credit Partners I, Loan Acquisition, LP*, No. 21-CV-826, 2023 WL 8283148, at *3-7 (E.D.N.Y. Nov. 30, 2023). The court ruled in the alternative that her claims were time-barred. *Id*. at *6. Mendez appealed.

"We review the district court's decision to grant summary judgment *de novo*, resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." *Booker v. Graham*, 974 F.3d 101, 106 (2d Cir. 2020) (quotation marks omitted). "[W]e liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quotation marks omitted). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

## I.     Dismissal

Mendez's appellate briefs fail to challenge any of the district court's grounds for dismissal. "[A] pro se litigant abandons an issue by failing to address it in the appellate brief." *Green v. Dep't of Educ. of N.Y.C.*, 16 F.4th 1070, 1074 (2d Cir. 2021). "Although *pro se* litigants are afforded some latitude in meeting the rules

3

governing litigation, . . . we need not, and normally will not, decide issues that a party fails to raise in his or her appellate brief," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (citations omitted), though "[w]e are inclined to overlook a party's failure to properly raise an issue on appeal if manifest injustice would otherwise result," *McCarthy v. SEC*, 406 F.3d 179, 186 (2d Cir. 2005). No manifest injustice lies here because the district court offered several independent—and unchallenged grounds—for dismissing Mendez's suit. *See McCarthy*, 406 F.3d at 187 ("An independent ground of decision must be expressly challenged on appeal.").

## II.    Judicial Bias

Mendez argues that the district court's ruling should be reversed because it was tainted by "obvious bias." She traces that bias to the district court judge "forc[ing]" her to write a Local Rule 56.1 statement and not recusing after Mendez complained about a comment characterizing her as "frivolous." "[C]laims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." *United States v. Adams*, 955 F.3d 238, 254 (2d Cir. 2020) (quotation marks omitted). Mendez's argument is meritless because she neither identifies

4

any extrajudicial matters nor offers sufficient basis for questioning the district court's impartiality.

* * *

We have considered Mendez's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court