24-833-cv
Lebron v. Dep't of Soc. Servs.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand twenty-five.

PRESENT:  JOSÉ A. CABRANES,
              RAYMOND J. LOHIER, JR.,
              RICHARD J. SULLIVAN,
                *Circuit Judges*.

---------------------------------------------------------------------

JOSE L. LEBRON,

      *Plaintiff-Appellant*,

    v.                           No. 24-833-cv

DEPARTMENT OF SOCIAL
SERVICES, STATE OF CT,

      *Defendant-Appellee*.

---------------------------------------------------------------------

FOR APPELLANT:                    JOSE L. LEBRON, *pro se*,
                                  Lebanon, NH

FOR APPELLEE:                     STEPHANIE A. WAINWRIGHT,
                                  Assistant Attorney General, *for*
                                  William Tong, Attorney
                                  General for the State of
                                  Connecticut, Hartford, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Victor A. Bolden, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff Jose Lebron, proceeding *pro se*, appeals from a March 11, 2024 judgment of the United States District Court for the District of Connecticut (Bolden, *J.*) granting summary judgment in favor of the Connecticut Department of Social Services (the "Department"). Lebron, a Hispanic man, brought an employment discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, alleging that the Department discriminated against him on the basis of his race and gender when it passed him over for a promotion in favor of another employee. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

2

"We review a district court's grant of summary judgment *de novo*." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013) (quotation marks omitted). We will affirm if, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party," we are satisfied that "there is no genuine dispute as to any material fact" and that "the movant is entitled to judgment as a matter of law." *Id.* at 126–27 (quotation marks omitted). We "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quotation marks omitted). But "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Penn v. N.Y. Methodist Hosp.*, 884 F.3d 416, 423 (2d Cir. 2018) (quotation marks omitted).

We analyze Title VII discrimination claims under the familiar three-step burden-shifting framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). First, the employee must establish a *prima facie* case of discrimination; second, if he does, the employer must proffer a legitimate, non-discriminatory reason for the adverse employment action (here, the failure to promote Lebron); and third, if the employer does so, the employee can defeat

3

summary judgment only by pointing to record evidence that would permit a rational finder of fact to infer that the employer's proffered reason was a pretext for discrimination. *See Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014).

Even assuming that Lebron established a *prima facie* case of discrimination under the Title VII burden-shifting framework, the District Court correctly granted summary judgment. The Department proffered a legitimate, non-discriminatory reason for selecting Nicole Godburn (who, like Lebron, was then employed as a Principal Cost Analyst) for a Fiscal Administrative Manager position for which Lebron also applied. Godburn had "experience with value-based payment initiatives . . . that [Lebron] undisputably did not have." Appellee's Br. 12. Indeed, the job posting for the Fiscal Administrative Manager position specifically listed "[e]xpertise in health insurance rate setting and value-based payment approaches" as a preferred qualification. Supp. App'x 34.

On appeal, Lebron argues that the District Court erred in granting summary judgment because Godburn misrepresented her qualifications in her application and two members of the hiring panel made various false statements

4

during and after the hiring process.[1] We are not persuaded. First, there is no admissible record evidence to which we have been pointed that suggests the relevant decisionmakers at the Department were aware of any inaccuracies in Godburn's application when they conducted the hiring process. To the contrary, their unrebutted testimony was that they "only became aware of [her misrepresentations] during the course of this litigation." Supp. App'x 65, 96; *see also* Supp. App'x 80. Second, Lebron's argument that members of the hiring panel made false statements about Godburn's qualifications and the hiring process is unsupported by any admissible record evidence that could create a genuine dispute of material fact. *See Brandon v. Royce*, 102 F.4th 47, 54–55 (2d Cir. 2024). These arguments thus fail to rebut the Department's non-discriminatory explanation. Because Lebron failed to adduce any admissible evidence that could permit a reasonable juror to conclude that "the employer's stated reason was pretext for discrimination," *Bart v. Golub Corp.*, 96 F.4th 566, 570 (2d Cir.

---

[1] The Department's brief addresses additional arguments that Lebron either raised before the District Court or raised for the first time on appeal. *Pro se* parties, however, are not excused from Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). We accordingly "will not[] decide issues that [Lebron] fails to raise in his . . . appellate brief." *Id.* We likewise will not consider any arguments raised for the first time on appeal. *See Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1078 (2d Cir. 2021).

2024), we affirm the District Court's dismissal of his Title VII claim.

We have considered Lebron's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court