23-7779 (L)
*Abraham v. Leigh*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand twenty-five.

PRESENT:
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> BETH ROBINSON,
> > *Circuit Judges.*

───────────────────────────────────────────────

Robyn Abraham,

> *Plaintiff-Counter Defendant-Appellant-*
> *Counter Cross-Appellee,*

> v.                                                    23-7779 (L);
> > 23-7867 (XAP)

Abby Leigh, as Executrix of the Estate of
Mitch Leigh,

> *Defendant-Counter Plaintiff-Appellee-*
> *Counter Cross-Appellant,*

Abby Leigh in her individual capacity, Abby Leigh Ltd., The Viola Fund, Martha Wasserman, in her individual capacity and as Executrix of the Estate of Dale Wasserman, Hellen Darion, in her individual capacity and as Executrix of the Estate of Joseph Darion, and Alan Honig,

        *Defendants.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-COUNTER DEFENDANT-APPELLANT-COUNTER CROSS-APPELLEE:** | Robyn Abraham, pro se, Beverly Hills, CA. |
| **FOR DEFENDANT-COUNTER PLAINTIFF-APPELLEE-COUNTER CROSS-APPELLANT:** | Tamar S. Wise, Cozen O'Connor, New York, NY; H. Robert Fiebach, Cozen O'Connor, Philadelphia, PA. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine Polk Failla, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's October 16, 2023 judgment is **AFFIRMED**, Cross-Appellant Leigh's cross-appeal is **DISMISSED** as moot, and all pending motions are **DENIED** as moot.

As relevant to this appeal, Robyn Abraham sued Abby Leigh, as Executrix

of the Estate of Mitch Leigh, the composer of the musical *Man of La Mancha*, seeking damages for breach of a contract Abraham had executed with Mitch Leigh before his death relating to production rights for a revival of the musical. Abby Leigh filed a counterclaim alleging that Abraham breached a fiduciary duty to Mitch Leigh by entering into a business contract with him while serving as his lawyer. During the district court proceedings, the court sanctioned Abraham for submitting false documents by precluding her from using the documents as evidence and awarding fees and costs to Leigh. Ultimately, the district court granted Leigh summary judgment on Abraham's breach of contract claim. The court subsequently awarded Leigh default judgment on her counterclaim due to Abraham's misrepresentations to the court regarding her availability for a hearing. *Abraham v. Leigh*, No. 17-cv-5429, 2023 WL 6811647 (S.D.N.Y. Oct. 16, 2023).

In the lead appeal, Abraham challenges a number of the district court's adverse decisions. In the cross-appeal, Leigh seeks review of the district court order sanctioning Abraham for filing false documents; Leigh contends that the court should have dismissed Abraham's action instead of simply excluding the documents and awarding fees and costs. Additionally, Abraham has filed multiple motions requesting that this Court take judicial notice of certain publicly available documents and seeking to unseal certain documents. Leigh has filed

3

motions to strike Abraham's briefs, dismiss the appeal, and strike Abraham's second special appendix. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

We first address the lead appeal, 2d Cir. 23-7779, in which Abraham represents herself. Although we generally afford special solicitude to pro se litigants, "a lawyer representing [her]self ordinarily receives no such solicitude at all." *Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010). We see no reason to depart from that rule here.

Federal Rule of Appellate Procedure Rule 28(a) requires the appellant's brief to contain, among other things, "a statement of the issues presented for review," "a summary of the argument," and "the argument, which must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Abraham's brief does not present in this form any discernible arguments specifically challenging the legal grounds for the district court's decision awarding Leigh summary judgment on Abraham's contract claim, its grant of default judgment to Leigh on Leigh's breach of fiduciary duty counterclaim, its order assessing sanctions against Abraham, or any other potentially dispositive issue. Instead, she appears to argue generally that we should vacate or reverse *every* order issued by the district court on the

4

ground that her former counsel and the district court engaged in misconduct that undermines the integrity of the district court's proceedings. Abraham's wide-ranging accusations are not supported by, and in many cases are contradicted by, the record. We thus reject her broad request to revisit all of the district court's rulings.

This conclusion disposes of most, if not all, of Abraham's arguments on appeal. "[W]e need not, and normally will not, decide issues that a party fails to raise in [their] appellate brief." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998); *see also LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) (concluding that "we need not manufacture claims of error" for a self-represented litigant). And while Abraham mentions the district court orders denying her relief in bullet-point form, other than the broad allegations of misconduct by the court and counsel, she makes no argument as to why she should be granted relief on appeal in connection with any specific order. *See Gerstenbluth v. Credit Suisse Securities (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (self-represented litigant "waived any challenge" to the district court's adverse ruling because brief mentioned that ruling only "obliquely and in passing").

The only possible exception is her claim that the district court erred by ordering that a portion of Abraham's settlement with two other defendants be

allocated to her former counsel to offset Abraham's fee obligations. But Abraham herself requested that the court enforce the oral agreement with her former counsel by releasing the contested funds pursuant to the terms of that agreement.

For the above reasons, in the lead appeal, the district court's judgment is **AFFIRMED**. In light of our affirmance of the district court's judgment, Leigh's cross-appeal challenging the district court's sanction order on the basis that it should have dismissed Abraham's claims is moot and is therefore **DISMISSED**.

Finally, Abraham's motion to unseal documents is **DENIED** on the merits, and all other pending motions are **DENIED** as moot because they are not relevant to any dispositive issue. *See Saleh v. Sulka Trading Ltd.*, 957 F.3d 348, 357 n.8 (2d Cir. 2020) (denying as moot a motion for judicial notice that addressed facts relevant only to an issue the Court did not reach); *United States v. Bleznak*, 153 F.3d 16, 21 n.2 (2d Cir. 1998) ("Because these [facts] are not relevant to our disposition of this appeal, we deny the [judicial notice] motion as moot.").

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
